# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHRIS FLETCHER,

    Plaintiff,

v.                                                                        No. 18-cv-1220 WJ/GJF

SUMMIT FOOD, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter comes before the Court on Plaintiff's *Pro Se* Civil Rights Complaint (**Doc. 1**). Plaintiff is incarcerated and proceeding *in forma* pauperis. He alleges a prison kitchen employee telephoned his wife to cause trouble in their relationship. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court finds no relief is available and will dismiss the Complaint with prejudice.

## Background

       Plaintiff was previously an inmate at the Curry County Detention Adult Center (CCADC). On December 18, 2018, he called his wife, Latoya Clark. Clark mentioned that a kitchen employee, Mariah Parker, had called Clark to report that Plaintiff was "having other people talk to her over the phone." (**Doc. 1 at 2**). This may have meant that Plaintiff directed other inmates to call his wife, but it could also mean he was talking to other women on the phone. In any event, Clark was upset. Plaintiff confronted Parker and demanded to know how she obtained his wife's phone number. Parker said "she has her ways of getting things she needs, working … at CCADC." *Id.*

       Plaintiff filed a grievance against Parker. He also reported her to Mrs. Cindy and Mrs.

Angie, who managed the Summit Foods kitchen crew. Summit Food provides kitchen and food services to CCADC. Mrs. Angie issued a formal write-up to Parker, and the matter was escalated to Mrs. Kim, the General Manager of Summit Foods. Around the same time, Parker allegedly called Plaintiff's wife again to tell "lies." (**Doc. 1 at 2**). It is not clear what Parker said, but the conversation alleged caused Plaintiff's wife to leave him. When Plaintiff asked Parker why she was doing this, Parker said: "[Clark] doesn't deserve [you], and if [I] can't have [you], then no one else will." *Id.*

Based on these facts, Plaintiff seeks at least $110,000 in damages from CCADC; Summit Foods; and Mariah Parker. The Complaint purportedly raises claims for cruel and unusual punishment, violation of state law, and violation of privacy under 42 U.S.C. § 1983. Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for initial review.

## Standards Governing *Sua Sponte* Review

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110.  While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements."  *Id.* However, Plaintiff must comply with the applicable rules of procedure, and the Court will not act as his advocate.  *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).

## **Analysis**

Section 1983 of Title 42 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights."  *Brown v. Buhman*, 822 F.3d 1151, 1161 n. 9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law."  *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution.  *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).  There must also be a connection between the official conduct and the constitutional violation.  *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

The Complaint here does not satisfy that standard, for several reasons.  First, Mariah Parker is the only Defendant who was personally involved in the alleged wrongdoing.  It is clear from the context of the Complaint that she is a kitchen employee of Summit Foods, which provides food service for the jail.  Employees of private entities generally do not act under color of state law.  *See Fuller v. Davis,* 594 Fed. App'x 935, 940 (10th Cir. 2014) (dismissing § 1983 claims against "private individual and the private entity he works for" because they did not act under "color of state law"); *Strope v. Cummings*, 2009 WL 3045463, at *2 (D. Kan. Sept. 22, 2009),

*aff'd*, 381 Fed. App'x 878 (10th Cir. 2010) ("defendant …, as an employee of a private entity," did not "act[] under color of state law. Rather, it appears defendant … was controlled by her employer ARAMARK [Foods]").

Even if Parker was a state actor, the alleged wrongdoing does not rise to the level of a constitutional violation. Plaintiff raises federal claims for cruel and unusual punishment and violation of privacy. Cruel and unusual punishment occurs where a prison official is "deliberate[ly] indifferen[t] to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Lying to an inmate's wife may be unprofessional or even vindictive, but it does not amount to cruel and unusual punishment. To the extent Plaintiff alleges Parker sexually harassed him, this claim also fails. "[T]he sexual harassment … of an inmate by a corrections officer … can, in certain circumstances, constitute the unnecessary and wanton infliction of pain that is forbidden by the Eighth Amendment." *Joseph v. U.S. Fed. Bureau of Prisons*, 232 F.3d 901, 902 (10th Cir. 2000). However, controlling precedent makes clear that "limited, nonphysical conduct is not objectively, sufficiently serious to give rise to" a claim for cruel and unusual punishment. *Folsom v. Knotson*, 2015 WL 13742442, at *7 (W.D. Okla. Sept. 4, 2015) (collecting cases); *see also Adkins v. Rodriguez*, 59 F.3d 1034, 1036 (10th Cir. 1995) (noting there have been "no [sexual harassment] case[s] involving an Eighth Amendment violation absent prisoner contact or touching"). The Complaint therefore fails to state a claim for cruel and unusual punishment.

As to the privacy argument, the Court discerns the Complaint alleges a violation of the "constitutional right to prevent government disclosure of private information." *Leiser v. Moore*, 903 F.3d 1137, 1144 (10th Cir. 2018). "Due process ... implies an assurance of confidentiality

with respect to certain forms of personal information possessed by the state." *Sheets v. Salt Lake Cty.*, 45 F.3d 1383, 1387 (10th Cir. 1995). To state a claim for violation of this right, the plaintiff must show the information is entitled to a legitimate expectation of confidentiality. *Id.* Moreover, "disclosures are prohibited only when they shock the conscience." *Leiser v. Moore*, 903 F.3d 1137, 1144 (10th Cir. 2018). The Complaint here gives no indication that Parker disclosed confidential information. At most, she appeared to report, or manufacture, some inappropriate behavior regarding Plaintiff's telephone calls. Inmates do not have a legitimate expectation of confidentiality with respect to phone calls, *see U.S. v. Gangi*, 57 Fed. App'x 809, 814 (10th Cir. 2003), and Parker's actions do not shock the conscience of the Court.

Finally, even if Plaintiff could overcome these barriers to relief, he would still not be entitled to damages. The Prison Litigation Reform Act (PLRA) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Tenth Circuit has interpreted this to mean that "although mental and emotional distress can constitute a compensable injury in suits for damages under 42 U.S.C. § 1983 based upon violations of constitutional rights, … such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999). There are no facts indicating Plaintiff suffered any physical injury as a result of the phone calls to his wife.

Based on the forgoing, the Court will dismiss the Complaint for failure to state a cognizable claim under § 1983. The Court sometimes invites inmate-plaintiffs, *sua sponte*, to amend their pleadings and remedy defects attributable to their ignorance of federal law. *See Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).    However, courts need not order an amendment when any amended claims would also be subject to dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915.  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).   The offending conduct in this case - calling Plaintiff's wife to cause trouble - is not actionable under § 1983, for multiple reasons.   Plaintiff has also been released from prison and has not paid any portion of the filing fee.   The Court therefore declines to *sua sponte* invite an amended pleading in this case.   The Court will dismiss all federal claims with prejudice.

To the extent the Complaint raises any state law claims for slander or other torts, those claims will be dismissed without prejudice.   Plaintiff must re-file those claims in New Mexico's Ninth Judicial District Court to obtain relief.   *See Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation.").

**IT IS ORDERED** that all federal claims in Plaintiff's Civil Rights Complaint (**Doc. 1**) are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and judgment will be entered.

**IT IS FURTHER ORDERED** any pure state law claims stemming from Mariah Parker's disclosures to Plaintiff's wife are **DISMISSED without prejudice** to bring those claims in state court.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE